NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIMETRA BRICE; et al.,

        Plaintiffs-Appellees,

  v.

SEQUOIA CAPITAL OPERATIONS, LLC;
et al.,

        Defendants,

 and

7HBF NO. 2, LTD.; et al.,

        Defendants-Appellants.

No.   19-17477

D.C. No. 3:19-cv-01481-WHO

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted September 16, 2020
San Francisco, California

Before:  W. FLETCHER, FORREST**, and VANDYKE, Circuit Judges.
Dissent by Judge W. FLETCHER.

---

    *This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
    ** Formerly known as Danielle J. Hunsaker.

Defendants-appellants 7HBF NO. 2, LTD et al. appeal from the district court's denial of their motion to compel arbitration.[1] We have jurisdiction under 9 U.S.C. § 16(a)(1)(A), (C), and we reverse and remand with instructions to stay the case and compel arbitration. We resolve this case for the reasons set forth in *Brice v. Plain Green*, No. 19-15707, __ F.3d __ (9th Cir. Sept. 16, 2021), a companion case involving different defendants but the same Borrowers, materially similar loan agreements, and the same underlying dispute over the enforceability of the arbitration agreements contained in Borrowers' loan agreements.

Here, as in *Plain Green*, we conclude that the parties agreed to arbitrate both their substantive disputes and any gateway questions regarding the arbitration agreement's "validity, enforceability, or scope." *See* __ F.3d at __; slip op. at 31; *see also Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010). The latter agreement—the delegation provision—does not prevent Borrowers from challenging enforceability based on prospective waiver or otherwise waive their rights to pursue federal statutory remedies. *See Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013). Therefore, we conclude that the delegation provision is not itself invalid as a prospective waiver and that it is for an arbitrator,

[1]This case was originally consolidated with another similar appeal, *Brice v. Sequoia Capital Operations LLC*, No. 19-17414, but the parties to that appeal settled after oral argument. The appeals were then severed, and No. 19-17414 was dismissed.

not the court, to decide whether the parties' arbitration agreement is enforceable.

**REVERSED and REMANDED with instructions to stay the case and compel arbitration.**

*Brice v. 7HBF No.2*, No. 19-17477

FILED

SEP 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

W. FLETCHER, Circuit Judge, dissenting:

For the reasons given in my dissent in *Brice v. Plain Green*, No. 19-15707, ___ F.3d ___ (9th Cir. 2021), I strongly but respectfully dissent.